J-S07006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ROLAND JOHNSON | : | |
| | : | |
| Appellant | : | No. 919 WDA 2020 |

Appeal from the PCRA Order Entered August 5, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001370-2018

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED:  April 13, 2021**

Appellant, Michael Roland Johnson, appeals from the order entered on

August 5, 2020, denying his second petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  In addition,

Appellant's counsel has filed a petition to withdraw.  After review, we grant

counsel's petition to withdraw and affirm the order of the PCRA court.

A prior panel of our Court summarized the factual background in this

matter as follows:

> On July 10, 2017, [Appellant] was charged with recklessly endangering another person, firearms not to be carried without a license, and possessing instruments of crime, related to the discharge of a gun inside of a bar in Erie, Pennsylvania.[1] [Appellant] filed a pre-trial Motion to suppress, challenging the photo array used to identify [Appellant] as the suspect.  On February 4, 2019, following a jury trial, [Appellant] was convicted of the above-described charges.  The trial court sentenced

[Appellant] to an aggregate term of 42 to 84 months in prison and 3 years of probation. [Appellant] did not file a direct appeal.[1]

> [1] *See* 18 Pa.C.S.A. §§ 2705, 6106(a)(1), 907(b).

On April 3, 2019, [Appellant] filed the instant, *pro se*, PCRA Petition. The PCRA court appointed [Appellant] counsel, [William Hathaway, Esquire,] who filed an Amended PCRA Petition. On August 12, 2019, the trial court denied [Appellant's PCRA] Petition without a hearing.[2] [Appellant] filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

> [2] We note that the PCRA court did not provide notice to [Appellant] of its intent to dismiss his Petition without a hearing, as required by Pa.R.Crim.P. 907. However, because the PCRA court ordered the appointment of counsel, the filing of an amended petition, and the briefing of the legal issues presented, the PCRA court did not violate Rule 907 by summarily dismissing the PCRA Petition without notice. *See Commonwealth v. Albrecht*, 720 A.2d 693, 709-10 (Pa. 1998) (stating that where counsel was appointed, and was provided the opportunity to file an amended petition and a brief of the legal issues presented, the PCRA court did not violate Pa.R.Crim.P. 1507(a), predecessor to Rule 907, by dismissing the petitioner's PCRA petition without notice).

*Commonwealth v. Johnson*, 237 A.3d 428, 1392 WDA 2019 (Pa. Super. filed May 1, 2020) (non-precedential decision at *1–2). After review, we

---

[1] Apparently, court-appointed trial counsel, Stephen Lagner, Esquire, filed a timely post-sentence motion on February 14, 2019, and privately retained counsel, Eric Hackwelder, Esquire, filed a post-sentence motion *nunc pro tunc* the following day. N.T. (PCRA), 8/3/20, at 18–19. Thereafter, Attorney Lagner withdrew. *Id.* at 5. Post-sentence motions were denied February 26, 2019.

affirmed the order denying Appellant's first PCRA petition. *Id.* at \*4. Appellant did not seek allowance of appeal in our Supreme Court.

On May 26, 2020, Appellant filed his second PCRA petition, which underlies the current appeal. In the petition, Appellant asserted that prior PCRA counsel, William Hathaway, Esquire, was ineffective. On June 29, 2020, the PCRA court removed Attorney Hathaway and appointed current counsel, Keith Clelland, Esquire, to represent Appellant. On August 3, 2020, the PCRA court held a hearing on Appellant's second PCRA petition, at which only Appellant and trial counsel testified. N.T., 8/3/20, at 9–55. The PCRA court denied the instant petition in an order filed on August 5, 2020. This timely appeal followed.

The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Order, 9/8/20. On September 15, 2020, Appellant field a counseled Rule 1925(b) statement, in which counsel concluded there were no meritorious issues. That same day, the PCRA court directed counsel to file a Pa.R.A.P. 1925(c)(4) statement. Order, 9/15/20. Counsel filed the statement, concluding that there were no meritorious issues, and he stated his intention to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Pa.R.A.P. 1925(c)(4) Statement 10/2/20.[2] The PCRA court filed an order pursuant to Pa.R.A.P. 1925(a),

---

[2] *See* discussion *infra*.

explaining that the reasons for its denial of Appellant's second PCRA petition were set forth in its August 5, 2020 order. Order, 10/8/20.

On November 23, 2020, Appellant's counsel filed in this Court an *Anders* brief and petition to withdraw. We denied the petition because the brief failed to meet the requirements for counsel to withdraw. Order, 11/25/20. Appellant's *Anders* brief was stricken. *Id.* On December 11, 2020, Appellant's counsel filed a second *Anders* brief in our Court, and on December 14, 2020, counsel filed a petition to withdraw. Appellant has not filed a response.

We first point out that counsel erroneously attempts to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When, as here, counsel seeks to withdraw from representation on collateral appeal, the requirements set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under *Anders*, but under *Turner* and *Finley*). However, because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* "no merit" letter. *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

Accordingly, we proceed with our discussion and will refer to the brief as a *Turner/Finley* letter.

Before we reach the merits of the appeal, we must address counsel's petition to withdraw as counsel. *Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa. Super. 2008). When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under *Turner, supra* and *Finley, supra* and ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

> \* \* \*

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the [court in which the application was filed] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel described the extent of his review, evaluated the issues, and concluded that the appeal is meritless. Counsel has also listed issues relevant to this appeal and explained why, in his opinion, the issues are

- 5 -

without merit. In addition, counsel has included a letter that he sent to Appellant containing a copy of the petition to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately retained counsel. We conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner/Finley* criteria). Thus, we will permit counsel to withdraw if, after our independent review, we conclude that the claims relevant to this appeal lack merit.

Counsel identifies the following issues in the *Turner/Finley* letter:

1. Did Attorney Hathaway err in failing to appeal the Superior Court's May 1, 2020 affirmance of this Court's denial of PCRA Petition to the Pennsylvania Supreme Court?

2. Did Attorney Hathaway's failure to demand an evidentiary hearing on PCRA Petition 1 result in denial?

3. Did Attorney Hathaway's failure to preserve the ineffective assistance of Trial counsel [claim] raised in PCRA Petition 1 [by] failing to adequately develop the argument on appeal?

4. Did the [PCRA] Court commit abuse of discretion by failing to find ineffectiveness of post-sentence counsel's failure to file a direct appeal?

*Turner/Finley* letter at 6.

Prior to addressing the issues presented, we must determine if Appellant's second PCRA petition was timely, as it impacts our jurisdiction. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A

- 6 -

PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Beyond the one-year limit, a petitioner must plead and prove at least one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner must raise the claim within one year from when the claim could have been raised. *Id.* at § 9545(b)(2).[3]

---

[3] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of sixty days to raise his claim. This amendment became effective on December 24, 2018, and applies to claims arising on December 24, 2017, or after. Because Appellant's claim arose after December 24, 2017, the amendment applies.

- 7 -

Appellant was sentenced on February 4, 2019. Post-sentence motions were denied February 26, 2019. Thus, the judgment of sentence became final on March 28, 2019, thirty days after the denial of post-sentence motions and "the expiration of time for seeking the review," as Appellant did not file a direct appeal. Pa.R.Crim.P. 720(A)(2)(a); 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant had until March 28, 2020, to file a timely first or subsequent PCRA petition. *Id.* at § 9545(b)(1). Appellant did not file his petition until May 26, 2020. Thus, it was facially untimely. The PCRA court, however, deemed Appellant's second PCRA petition timely.[4]

---

[4] In its order denying Appellant's PCRA petition, which is functioning as the PCRA court's Pa.R.A.P. 1925(a) opinion, the PCRA court stated as follows:

> [Appellant] filed a prior PCRA petition on April 3, 2019, shortly after his judgment of sentence became final on March 28, 2019 [sic]. That petition is referred to herein as "PCRA Petition 1." [Appellant] never filed a direct appeal of his sentence. [Appellant] asserts at paragraph 5 of PCRA Petition 2 that he should be permitted to file PCRA Petition 2 more than one year after his judgment of sentence became final, because the alleged ineffectiveness of his PCRA Petition 1 counsel . . . was unknown to [Appellant] until he received a copy of the Superior Court's decision affirming this court's denial of PCRA Petition 1 on grounds that Attorney Hathaway failed to adequately develop the ineffective assistance of trial counsel argument, and, therefore, waived the same. *See Non-Precedential Decision—Memorandum*, filed May 1, 2020 at No. 1392 WDA 2019 ("Non-Precedential Decision").

PCRA Order, 8/5/20, at unnumbered 1 n.1; **see also** PCRA Petition, 5/26/20, at ¶5(ii).

In his second PCRA petition, Appellant asserts that prior PCRA counsel was ineffective, and Appellant did not discover this ineffectiveness until the Superior Court affirmed the order denying Appellant's first PCRA petition on May 1, 2020. Because Appellant filed the instant PCRA petition within one year from the date of this Court's memorandum, the PCRA court apparently concluded that Appellant satisfied an exception to the PCRA time bar.

However, even assuming that Appellant's PCRA petition was timely, we conclude that the PCRA court did not err in denying relief. When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011).

Our Supreme Court has explained the following in addressing an ineffective assistance of counsel claim:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973,

- 9 -

975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). With regard to the "reasonable-basis prong," we do not question whether there were other more logical courses of action that counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative [basis that was] not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A petitioner must prove all three prongs of the *Pierce* test, or the claim fails. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Appellant's first issue is that first PCRA counsel, Attorney Hathaway, was ineffective in failing to appeal "the Superior Court's May 1, 2020 affirmance of this Court's denial of PCRA Petition to the Pennsylvania Supreme Court."

*Turner/Finley* Letter at 11. This issue was not raised in Appellant's PCRA petition but it was discussed at the PCRA hearing. The PCRA court stated that Appellant did not present testimony on this issue. Order, 8/5/20, at unnumbered 1 n.2. We observe, however, that Appellant testified that he never asked Attorney Hathaway to file a petition for allowance of appeal. N.T. (PCRA), 8/3/20, at 17. This issue lacks arguable merit.

Appellant's second issue avers that Attorney Hathaway was ineffective by failing "to demand an evidentiary hearing" on Appellant's first PCRA petition resulting in the petition's denial. *Turner/Finley* Letter at 12. This issue was not raised in Appellant's PCRA petition or Pa.R.A.P. 1925(c)(4) statement and is waived. *Commonwealth v. Mason*, 130 A.3d 601, 625 (Pa. 2015) (issue waived where it was not raised in amended PCRA petition and the appellant failed to obtain leave of court to supplement the petition to include it).

Even if not waived, the PCRA court explained in detail its reasons for denying the first PCRA petition without a hearing. PCRA Order, 8/5/20, at unnumbered 2–3. Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130

- 11 -

A.3d 601, 617 (Pa. 2015). Because there were no genuine issues of material fact raised therein, the PCRA court did not abuse its discretion in denying Appellant an evidentiary hearing. *Id.*; PCRA Order, 8/5/20, at unnumbered 2–3. Counsel cannot be found to be ineffective for failing to raise a meritless claim. *Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018).

Appellant's third issue asserts the ineffectiveness of first PCRA counsel for not raising the ineffective assistance of trial counsel in the first PCRA petition and "failing to adequately develop the argument on appeal." *Turner/Finley* Letter at 13. This issue clearly is vague and lacking in clarity, and for this reason we could find it waived. However, our review of the PCRA petition clarifies that Appellant was referencing an argument relating to his use of aliases that he believed trial counsel failed to investigate. We do not find the issue waived, and rely on the PCRA court's explanation in addressing this claim, as follows:

> The court heard testimony from [Appellant] and court-appointed trial counsel, Stephen J. Lagner, III, Esq. [Appellant] testified extensively in support of his PCRA Petition 1 claim that Attorney Lagner was ineffective in failing to investigate and present evidence that [Appellant] did not use the aliases or nicknames used by the police to identify him in the RMS database, and used false nicknames merely as a "pretext to falsely identify him and frame him" for the crime. *See e.g. [Appellant]'s Concise Statement of Matters Complained of on Appeal*, filed September 27, 2019 (re: PCRA Petition 1). It was generally his position that had the Police not used the false nickname(s) to locate him in their database, his picture never would have made its way into the photo lineup that was presented to the witness who identified him as the perpetrator.

Attorney Lagner explained that he did not pursue the alias/nickname aspect of [Appellant's] argument at the suppression hearing or beyond because it was meritless, but did zealously advocate that the photo lineup was improperly suggestive, to no avail. Again, upon review of the suppression hearing transcript in its entirety, this court finds no basis to disturb Judge Bozza's denial of [Appellant's] suppression motion in regard to the alias/suggestive photo lineup claims, nor does it find Attorney Lagner's representation of [Appellant] in connection with the suppression hearing deficient in any way.

PCRA Order, 8/5/20, at unnumbered 2–3. As noted, PCRA counsel cannot be ineffective for failing to raise a meritless claim. *Rivera*, 199 A.3d at 374.

Appellant's final issue asserts that the PCRA court abused its discretion by failing to find ineffectiveness of post-sentence counsel for not filing a direct appeal. *Turner/Finley* Letter at 14. This issue was not raised in the Amended PCRA petition. N.T. (PCRA), 8/3/20, at 6. Indeed, Appellant testified that he did not raise the issue. *Id.* at 14. However, the PCRA court addressed it, as follows:

Regarding [Appellant's] oral motion to amend PCRA Petition 2 to include a claim that trial and/or post-sentence counsel were ineffective for failure to file a direct appeal, [Appellant] testified that he instructed Attorney Lagner to file a direct appeal immediately after sentencing. Attorney Lagner did not recall the request, but was unable to specifically deny it was made. However, the question is moot. Attorney Lagner credibly testified that [Appellant] replaced him with private legal counsel, Eric V. Hackwelder, Esq., within days of sentencing. Attorney Lagner moved to withdraw his appearance for that reason on February 21, 2019, and the motion was granted by order dated February 25, 2019. By then, Attorney Hackwelder had filed a post-sentence motion on [Appellant's] behalf, which was denied by order dated February 26, 2020. [Appellant] did not dispute that testimony.

Clearly, Attorney Lagner was under no responsibility to file a direct appeal on [Appellant's] behalf at or before the time he was discharged by [Appellant], therefore, [Appellant's] motion to amend PCRA Petition 2 to include a claim that Attorney Lagner was ineffective for failure to file a direct appeal is DENIED.

PCRA Order, 8/5/20, at unnumbered 3–4.

Attorney Lagner was not counsel of record during the appeal period because Appellant had hired new counsel, Mr. Hackwelder. Appellant testified that he hired Attorney Hackwelder for the sole purpose of filing post-sentence motions. N.T. (PCRA), 8/3/20, at 18–19. Appellant also testified that Attorney Hackwelder did everything Appellant asked him to do. *Id.* at 19–20. This issue is frivolous.

For all of these reasons, and following our independent review of the record, we conclude there are no meritorious issues upon which Appellant may obtain relief. Having determined that the August 5, 2020 order must be affirmed, we grant counsel's petition to withdraw pursuant to *Turner/Finley*.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2021

- 14 -